**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS R. SCHURR,

      Plaintiff-Appellant,

v.

OKLAHOMA DISABILITY LAW
CENTER, INC.,

      Defendant-Appellee.

No. 98-6109
(D.C. No. CIV-97-129-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas R. Schurr appeals from a final judgment entered in favor of Oklahoma Disability Law Center, Inc. (the Center) on his claims for damages for failure to accommodate, disparate treatment, and wrongful termination. His claims were brought pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a); and the Oklahoma Anti-Discrimination Statute, Okla. Stat. tit. 25, § 1901 (OADS). Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for new trial.

After a three-day trial, a jury found in favor of the Center on all of Schurr's claims. The issue presented for this appeal is whether the district court properly instructed the jury on the various claims, and, if not, whether the "jury might have based its verdict on the erroneously given instruction." *Coleman v. B-G Maintenance Management of Colo., Inc.*, 108 F.3d 1199, 1202 (10th Cir. 1997) (quotation omitted). "[W]e conduct a de novo review to determine whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *Allen v. Minnstar, Inc.*, 97 F.3d 1365, 1368 (10th Cir. 1996).

Schurr claims that the court erred by (1) aggregating all of his claims in Instructions No. 8 and No. 9 and instructing that it had to find for Schurr on all three claims and all three statutes in order to find for Schurr; (2) instructing that

-2-

intent is a required element of a failure to accommodate claim under the ADA and OADS; (3) refusing to give Schurr's proposed instructions that separated the various claims under the statutes and failing to separately instruct on his claims of disparate treatment and wrongful discharge; and (4) submitting a general verdict form that required the jury to answer only one question with respect to liability and did not provide a way for the jury to make separate findings on the individual claims under each statute. We will address Schurr's claims of error seriatim.

Instruction No. 8, entitled "The Nature of Plaintiff's Claim," states the following:

> It is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that person's disability. In this case, the plaintiff claims that the defendant intentionally discriminated against him because he had a disability. Specifically, plaintiff claims defendant discriminated against him by failing to reasonably accommodate his disability, by treating him differently than non-disabled workers, and by wrongfully terminating his employment. The defendant denies this charge. It is your responsibility to decide whether the plaintiff has proven his claim against the defendant by the greater weight of the evidence, as that term is defined in these instructions.

Appellant's App. Vol. I, at 116. Instruction No. 9, entitled "American with Disabilities Act," states what the Act prohibits, states that Schurr claims the Center violated the ADA, the Rehabilitation Act, and the OADS, and states that a violation of the ADA is also a violation of the other two Acts. *See id.* at 117.

-3-

The Center argues that Schurr waived any objection to this instruction in the jury conference when, in response to the court's question, "Do you have any objection to the Instruction 8 that the Court is giving?," Schurr's attorney answered, "No, that's fine." Appellant's App. Vol. III, at 607. Schurr's attorney also did not voice an objection to the giving of Instruction No. 9. *See id.* The Federal Rules of Civil Procedure provide that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51. Although a preceding colloquy between Schurr's attorney in the court indicates that the court understood that Schurr wanted instructions concerning the three separate claims, *see* Appellant's App. Vol. III, at 607, Schurr's acquiescence in the giving of these two instructions waived his assignment of error on appeal. Accordingly, we review only for plain error, i.e., where the instructions were "patently plainly erroneous and prejudicial." *Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917, 924 (10th Cir. 1984). This review in civil cases is limited to those exceptional situations in which the error "has seriously affected the fairness, integrity or public reputation of judicial proceedings." *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1516 (10th Cir. 1984) (quotation omitted). Schurr admits that Instruction No. 8 "does nothing more than tell the jury that Schurr has

-4-

alleged discrimination based on his disability," and that Instruction No. 9 "does nothing more to assist the jury in understanding the applicable law that they must apply." Appellant's Opening Br. at 14. Because both instructions are only general instructions; Instruction No. 8 does not instruct the jury on requisite findings or the applicable law; and Instruction No. 9 is an accurate statement of Schurr's general claims and of the law, we cannot say that the giving of these instructions was "patently plainly erroneous and prejudicial."

In his second claim of error, Schurr argues the court erroneously instructed the jury in Instruction No. 10 that discriminatory intent is a requirement of a failure to accommodate claim. His assertion is based on the use of the word "intentional" in two sentences in the instruction: "Plaintiff claims that the defendant intentionally discriminated against him by failing to accommodate his disability. In order for plaintiff to establish his claim of intentional discrimination by the defendant. . . ." Appellant's App. Vol. I, at 118. The instruction then lists four essential elements, none of which use the word "intentional" or discuss requisite intent. *See id.* We conclude that this instruction does not require a finding of intent to discriminate in a failure to accommodate claim and was not so misleading that the jury may have been confused on an intent element.

In his third and fourth claims of error, Schurr maintains that the court erred by refusing to give his proposed instructions on disparate treatment and wrongful termination and special verdict form that separated the issues, by failing to instruct the jury on the elements of those claims in any instruction, and by submitting only a general verdict form to the jury. We review a court's refusal to give a particular requested instruction for abuse of discretion, but review *de novo* whether the instructions given, as a whole, correctly provided the jury with instructions on the issues and an opportunity to determine those issues. *See Allen*, 97 F.3d at 1368.

It is axiomatic that a party is entitled to an instruction based on its theory of the case whenever it produces evidence to support it. *See Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1230 (10th Cir. 1995). The Center does not allege that the evidence failed to support Schurr's claims of disparate treatment or wrongful termination; it simply argues that those theories were properly presented to the jury in Instruction No. 2, which was a general "Statement of the Case," and in Instructions No. 8 and 9, discussed above. *See* Appellee's Br. at 13-14; Appellant's App. Vol. I, at 108-09. We disagree. A review of the submitted instructions reveals that the jury was not instructed at all on the essential elements of Schurr's claims of disparate treatment and wrongful termination. *See* Appellant's App., Vol. I, at 106-32. We further conclude that the instructions,

-6-

read as a whole, mislead the jury by requiring Schurr to prove all three claims in order to prevail against the Center. Further, the general verdict form did not present the jury with an opportunity to make a finding on each specific claim as envisioned by the federal rules of procedure. *See* Fed. R. Civ. P. 49 (discussing special verdicts and interrogatories). Having failed to properly instruct the jury to Schurr's prejudice, we hold that the district court abused its discretion in refusing Schurr's proposed instructions and special verdict form.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED for new trial.

Entered for the Court

Deanell Reece Tacha
Circuit Judge